UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BURR, JR.,

        Plaintiff,                  Case No. 1:17-cv-991

v.                                    Hon. Paul L. Maloney

GRAND TRUNK WESTERN
RAILROAD COMPANY,

        Defendant.
_____/

**ORDER OF DISMISSAL**

This matter is now before the Court on "Defendant's Rule 37(b)(2)(A)(v) Motion to dismiss for plaintiff's failure to comply with the Court's discovery order" (ECF No. 84).[1] Defendant's motion is unopposed. For the reasons set forth below, this action will be dismissed.

Defendant's motion sets forth the facts relevant to plaintiff's continued failure to cooperate with discovery and to comply with the Court's orders, most recently the order to compel discovery entered on December 12, 2019. *See* Order (ECF No. 76). Defendant points out that plaintiff failed to comply with paragraphs 3 and 6 of that order which required that, "Within 21 days, and under oath, plaintiff will provide a full list of the medical conditions for which he has received treatment since July 20, 2018, and the names and contact information for the providers of that treatment" and that "Within 21 days, plaintiff's rehabilitation expert, Terry Cordray, will produce the 'written disclosure' which was not produced at his deposition. In the alternative, Mr.

---

[1] The parties have consented to have a United States Magistrate Judge conduct any and all further proceedings in the case, excluding trial. This case has been referred to the undersigned "for further proceedings in accordance with 28 U.S.C. § 636(c), FED. R. CIV. P. 73, and the forgoing agreement of counsel. Any appeal of matters resolved prior to trial must be taken to the United States Court of Appeals for this Circuit, in accordance with 28 U.S.C. § 636(c), FED. R. CIV. P. 73(c)." See Order (ECF No. 13).

Cordray will provide an affidavit attesting to the fact that he has produced his entire file relating to plaintiff." *Id.*

Plaintiff and his counsel have continued their course of failing to cooperate in discovery which led the Court to hold a hearing on December 11, 2019, for plaintiff to show cause why the case should not be dismissed for lack of prosecution. *See* Notice (ECF No. 73). Given this record, defendant now seeks dismissal pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), which provides:

> **(b) Failure to Comply with a Court Order.**
>
> **(2) Sanctions Sought in the District Where the Action Is Pending.**
>
> **(A)** *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . .
>
> **(v)** dismissing the action or proceeding in whole or in part[.]

The Court considers four factors when assessing the dismissal of a complaint as a sanction for discovery:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) "whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery"; (3) "whether the dismissed party was warned that failure to cooperate could lead to dismissal"; and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered."

*Smith v. Nationwide Mutual Fire Insurance Co.*, 410 Fed. Appx. 891, 894-95 (6th Cir. 2010), quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366–67 (6th Cir.1997). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Id.*, quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). "Contumacious"

2

is defined as "perverse in resisting authority" and "stubbornly disobedient."  *Carthon v. Central State University*, 290 F.R.D. 83, 87 (S.D. Ohio 2013).

The record in this case establishes that plaintiff has engaged in contumacious conduct.  First, plaintiff's continued refusal to participate in discovery can only be described as willful.  Second, defendant has been prejudiced by plaintiff's failure to cooperate in discovery.  Defendant has filed five motions to compel discovery or for protective orders related to discovery.  *See* Motions (ECF Nos. 17, 38, 47, 67, and 72).  Third, plaintiff has been warned that failure to cooperate and failure to prosecute could lead to dismissal.  *See* Notice of Show Cause Hearing (ECF No. 73).  Fourth, the Court has considered less drastic sanctions and attempted to work out the discovery disputes on a number of occasions.  Notably, plaintiff does not oppose the motion to dismiss his complaint as a discovery sanction.

Accordingly, defendant's motion to dismiss (ECF No. 84) is **GRANTED** and plaintiff's case is **DISMISSED**.

**IT IS SO ORDERED**.

Dated:  February 21, 2020              /s/ Ray Kent
                                       United States Magistrate Judge