UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES BURR, JR.,

        Plaintiff,

v.

GRAND TRUNK WESTERN
RAILROAD COMPANY,

        Defendant.
                                  /

Case No. 1:17-cv-991

Hon. Paul L. Maloney

**ORDER**

On January 16, 2020, after over two years of pre-trial proceedings, defendant filed a "Rule 37(b)(2)(A)(v) Motion to dismiss for plaintiff's failure to comply with the Court's discovery order" (ECF No. 84). On February 21, 2020, the Court granted defendant's unopposed motion to dismiss and entered judgment in favor of defendant. *See* Order (ECF No. 86); Judgment (ECF No. 87). This matter is now before the Court on plaintiff's combined (amended) "Motion for reconsideration and/or relief from judgment" (ECF No. 90).[1] More recently, plaintiff filed motions to file a supplemental brief (ECF No. 105), and for oral argument (ECF No. 106).

        **I.**        **Plaintiff's motion to file a supplemental brief**

In its order granting plaintiff's motion for leave to file a reply brief (ECF No. 101), the Court advised the parties that it "will not accept any additional briefs or motions to file

---

[1] Plaintiff's amended motion superseded the original motion for reconsideration (ECF No. 89).

1

additional briefs in this matter." Accordingly, plaintiff's motion to file a supplemental brief (ECF No. 105) is **DENIED**.

## II. Plaintiff's motion for oral argument

The Court has reviewed the amended motion for reconsideration and briefs in this matter and concludes that oral argument is not necessary. Accordingly, plaintiff's motion for oral argument (ECF No. 106) is **DENIED**.

## III. Plaintiff's (amended) motion for reconsideration

### A. Reconsideration under W.D. Mich. LCivR 7.4

The first part of plaintiff's (amended) motion for reconsideration references W.D. Mich. LCivR 7.4, which provides in pertinent part:

> Generally, and without restricting the discretion of the Court, motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from the correction thereof.

W.D. Mich. LCivR 7.4(a). A defect is palpable if it is easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct or manifest. *See Compuware Corp. v. Serena Software International, Inc.*, 77 F. Supp.2d 816, 819 (E.D. Mich. 1999).

The gist of plaintiff's argument is that the harsh sanction of dismissal is not appropriate in this case. The Court's previous order addressed the reasons for granting "Defendant's Rule 37(b)(2)(A)(v) Motion to dismiss for plaintiff's failure to comply with the Court's discovery order" stating in pertinent part:

> The record in this case establishes that plaintiff has engaged in contumacious conduct. First, plaintiff's continued refusal to participate in discovery can only be described as willful. Second, defendant has been prejudiced by plaintiff's failure to cooperate in discovery. Defendant has filed five motions to

2

>   compel discovery or for protective orders related to discovery. *See* Motions (ECF Nos. 17, 38, 47, 67, and 72). Third, plaintiff has been warned that failure to cooperate and failure to prosecute could lead to dismissal. *See* Notice of Show Cause Hearing (ECF No. 73). Fourth, the Court has considered less drastic sanctions and attempted to work out the discovery disputes on a number of occasions. Notably, plaintiff does not oppose the motion to dismiss his complaint as a discovery sanction.

Order (ECF No. 86). The Court has reviewed the case file and reaches the same conclusion as set forth in the order of dismissal.

Plaintiff's failure to oppose the motion was both a factor in the Court' decision to dismiss the case and an independent ground for granting the motion. W.D. Mich. LCivR 7.2(c) provides that, "Unless otherwise ordered, any party opposing a dispositive motion *shall*, within twenty-eight (28) days after service of the motion, file a responsive brief and any supporting materials." (emphasis added). A plaintiff's failure to file a response to a motion to dismiss can be deemed a waiver of opposition to the relief sought in the motion. *See Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F. Supp. 3d 619, 631-32 (W.D. Mich. 2015) (listing cases including *Humphrey v. U.S. Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (holding that the defendant waived any argument on the issue by failing to oppose a motion to dismiss) and *Scott v. Tennessee*, 878 F.2d 382 (6th Cir. 1989) (affirming district court's grant of the defendant's unopposed motion to dismiss, and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion")). Here, the Court waited an additional week for plaintiff to file a response to the motion to dismiss; however, plaintiff never filed a response. In this regard, plaintiff did not file the motion for reconsideration until more than two months after the Court entered the judgment dismissing the case. Plaintiff has failed to demonstrate a palpable defect in the Court's order.

Accordingly, plaintiff's (amended) motion for reconsideration pursuant to W.D. Mich. LCivR 7.4 (ECF No. 90) is **DENIED**.

### B.     Plaintiff's motion pursuant to Fed. R. Civ. P. 60(b)

Plaintiff's (amended) motion includes a reference to seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b). Motion at PageID.700. This rule provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff neither cites nor argues any particular sub-section of Rule 60(b). It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Accordingly, plaintiff's (amended) motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) (ECF No. 90) is **DENIED**.

**IT IS SO ORDERED**.

Date: March 25, 2021              /s/ Ray Kent
                                  Ray Kent
                                  U.S. Magistrate Judge